ROGER P. CROTEAU, ESQ.
Nevada Bar No. 4958
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
ROGER P. CROTEAU & ASSOCIATES, LTD.
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148
(702) 254-7775
(702) 228-7719 (facsimile)
croteaulaw@croteaulaw.com
*Attorney for Defendants*
**LAS VEGAS DEVELOPMENT
GROUP, LLC; LVDG, LLC; AND
LAS VEGAS DEVELOPMENT, LLC**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator of Federal National Mortgage Association and Federal Home Loan Mortgage Corporation; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>                            Plaintiffs,<br><br>vs.<br><br>LAS VEGAS DEVELOPMENT GROUP, LLC; LAS VEGAS DEVELOPMENT, LLC; and LVDG, LLC,<br><br>                            Defendants. | Case No.   2:16-cv-01187-GMN-CWH |

**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

COMES NOW, Defendants, LVDG, LLC and LAS VEGAS DEVELOPMENT, LLC, by and through their attorneys, ROGER P. CROTEAU & ASSOCIATES, LTD., and hereby present their Motion to Dismiss this matter as it relates to them. This Motion is made and based upon

//

//

the attached memorandum of points and authorities, all pleadings, papers and documents on file herein, and any oral argument that the Court may entertain at the hearing of this matter.

DATED this      18th      day of October, 2016.

ROGER P. CROTEAU & ASSOCIATES, LTD.


 /s/ *Timothy E. Rhoda*
ROGER P. CROTEAU, ESQ.
Nevada Bar No. 4958
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148
(702) 254-7775
***Attorney for Defendants***
**LAS VEGAS DEVELOPMENT GROUP, LLC; LVDG, LLC; AND LAS VEGAS DEVELOPMENT, LLC**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     STATEMENT OF FACTS

The instant action relates to the force and effect of N.R.S. 116.3116 *et seq*. upon deeds of trust that are purportedly owned by Federal National Mortgage Corporation (*"Fannie Mae"*) and Federal Home Loan Mortgage Corporation (*"Freddie Mac"*)(collectively, *"Enterprises"*).  In a nutshell, Fannie Mae, Freddie Mac and the Federal Housing Finance Agency (*"FHFA"*) assert that 12 U.S.C. 4617(j)(3) preempts N.R.S. §116.3116 *et seq*.  Specifically, the Plaintiffs contend that 12 U.S.C. §4617(j)(3) constitutes a bar (*"Federal Foreclosure Bar"*) that precludes a homeowners association lien foreclosure sale from extinguishing property interests that they claim to be owned by the Enterprises.

On July 15, 2015, Freddie Mac and FHFA filed a Complaint against SFR Investments Pool 1, LLC (*"SFR"*) and the Sonora Hills Homeowners Association in the United States District Court for the District of Nevada, Case No. 2:15-cv-01338-GMN-CWH (*the "SFR Complaint"*).   The SFR Complaint related to a single parcel of real property owned by SFR and

located at 7671 Mocorito Avenue, Las Vegas, Nevada 89113 (*"Mocorito Property"*). The SFR Complaint asserted claims against SFR and Sonoran Hills Homeowners Association including Declaratory Relief and claims against SFR alone for Quiet Title, Preliminary Injunction and Unjust Enrichment. All of the claims contained in the SFR Complaint related to only the Mocorito Property.

On September 18, 2015, after they had learned to which judge the SFR Complaint had been randomly assigned, but prior to the time that any Defendant had answered or appeared, the Plaintiffs filed a First Amended Complaint (*"Amended SFR Complaint"*). The Amended SFR Complaint removed the Sonora Hills Homeowners Association as a Defendant and added two additional Defendants, Nevada New Builds, LLC (*"NNB"*) and Las Vegas Development Group, LLC. The Amended SFR Complaint also added Fannie Mae as a Plaintiff. In addition to the Mocorito Property that was the subject of the SFR Complaint, the Amended SFR Complaint included claims related to numerous previously unmentioned parcels of real property. In short, the Plaintiffs transformed the SFR Complaint into an entirely new action with new parties on both sides and entirely new subject matter. Upon information and belief, the Plaintiffs handpicked the case from various others that were pending before the District Court of Nevada because they were aware that this Court would likely rule favorably upon their claims. This constituted judge shopping.

The Amended SFR Complaint was styled as a class action lawsuit, seeking declaratory relief against any and all persons or entities that might hold title to real property that was purchased at a homeowners association lien foreclosure sales within the State of Nevada during the past several years. The Amended SFR Complaint identified seven parcels of real property, each of which was purchased by SFR or one of the newly named Defendants at a homeowners association lien foreclosure sale. Las Vegas Development Group, LLC was named as a Defendant in the Amended SFR Complaint by virtue of the fact that it is the owner of that real property commonly known as 5726 Sanibel Bay Street, North Las Vegas, Nevada (*"Sanibel Bay Street Property"*).

The parties to the Amended SFR Complaint filed a variety of Motions. Specifically, the

Plaintiffs filed a Motion to Certify Class and Motion for Summary Judgment. SFR filed a Motion to Dismiss and Motion to Sever. Las Vegas Development Group, LLC joined in SFR's Motions and additionally filed a Motion for 56(d) relief. On May 2, 2016, the Court issued an Order related to the various pending Motions. Pursuant to that Order, the Court denied the Plaintiffs' Motion to Certify Class. In coming to this conclusion, the Court stated that "[o]ne of the primary disputes in this case, along with other cases implicating section 4617(j)(3), pertains to whether FHFA held an interest in the property at issue at the time of an HOA foreclosure sale." *Fed. Hous. Fin. Agency v. SFR Invs. Pool 1, LLC*, 2016 U.S. Dist. LEXIS 59309 at *10 (D. Nev. Apr. 30, 2016). The Court went on to state that "an inquiry into class membership based upon Plaintiffs' proposed defined class would result in countless hearings resembling 'mini-trials.'" *Id*. at *11. As a result, the Court found the proposed class to be not reasonably ascertainable.

In addition to denying the Plaintiffs' Motion to Certify Class, the Court granted SFR's Motion to Sever. In so doing, the Court found that "while each of the Defendants purchased properties at HOA foreclosure sales, these entirely separate, though similar, events do not constitute a series of transactions or occurrences." *Id*. at *13. The Court further held that "because the factual scenario related to each Defendant is different, severance of the misjoined Defendants is proper." *Id*. Based upon these findings, the Court severed and dismissed Las Vegas Development Group, LLC and NNB from the action. The Court then entered Summary Judgment in favor of the Plaintiffs and against SFR without allowing any discovery whatsoever.

In association with the dismissal of Las Vegas Development Group, LLC and NNB from the action, the court granted the Plaintiffs until May 26, 2016, in which to file separate cases against each of the two severed Defendants. *Id*. at *22-23. Furthermore, the Court ordered that "[o]nce these two new cases are filed, the Clerk of Court will assign them to the undersigned district judge and Magistrate Judge Carl W. Hoffman." *Id*. at 23.

On May 26, 2016, the Plaintiffs filed the instant action, stating on the face of the Complaint that the case should be assigned to Chief Judge Navarro and Magistrate Judge Carl W. Hoffman in accordance with the Order entered in Case No. 15-cv–1338-GMN-CWH (ECF No.

104). [ECF No. 1]. The initial Complaint filed herein significantly exceeded the scope of the Order by including claims related to not only the Sanibel Bay Street Property, but also nine separate real properties that were never the subject of the Amended SFR Complaint or the Order entered in association therewith. Although some of the purported real properties at issue in the original Complaint were and are owned by Las Vegas Development Group, LLC, many of them were and are owned by the Movants herein, LVDG, LLC and Las Vegas Development, LLC. LVDG, LLC and Las Vegas Development, LLC are wholly separate legal entities from Las Vegas Development Group, LLC.

On June 20, 2016, Las Vegas Development Group, LLC filed a Motion to Reassign Case and to Dismiss in Part [ECF #7, 8], requesting that the instant matter be randomly reassigned to a Judge pursuant to 28 U.S.C. §137 and General Order no. 2011-05. In addition, Defendant moved to dismiss those claims related to real property that Las Vegas Development Group, LLC does not own for failure to state a claim.

In response to Defendant's Motion, the Plaintiffs filed their First Amended Complaint (*"FAC"*) [ECF #16]. Rather than remove the claims related to real property that Las Vegas Development Group, LLC does not own, the Plaintiffs did exactly as anticipated by the Las Vegas Development Group, LLC, and instead added LVDG, LLC and Las Vegas Development, LLC as Defendants. For the same reasons that this was inappropriate in Case No. 2:15-cv-01338-GMN-CWH, the joinder of these additional parties is equally inappropriate here. As a result, the instant matter must be dismissed as it relates to LVDG, LLC and Las Vegas Development, LLC.

## II. LEGAL ARGUMENT

### 1. STATEMENT OF THE LAW

Fed. R. Civ. P. 20(a)(2) governs the joinder of defendants, stating as follows:

(2) *Defendants.* Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all defendants will arise in the action.

If the district court chooses to sever the case, it may do so by dismissing "all but the first named [defendant] without prejudice to the institution of new, separate lawsuits [against] the dropped [defendants]." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (citing Fed. R. Civ. P. 21). In this case, LVDG, LLC and Las Vegas Development, LLC have been improperly joined in this case. As a result, the action must be dismissed as it relates to them.

## 2. PLAINTIFFS' CLAIMS DO NOT ARISE OUT OF THE SAME TRANSACTION OR OCCURRENCE

FRCP 20(a)(2)'s first requirement is that Plaintiffs' claims must arise "out of the same transaction, occurrence, or series of transactions or occurrences . . . ." FRCP 20(a)(2)(A). The Ninth Circuit has explained, "[b]y its terms, this provision requires factual similarity in the allegations supporting Plaintiffs' claims." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013). In this case, the FAC includes claims related to 9 different parcels of real property, each of which was the subject of a separate HOA Foreclosure Sale. As set forth in the FAC, the HOA foreclosure sales related to the 9 different parcels of property were conducted on behalf of 9 different homeowners' association by at least 5 different collection agents. FAC, ¶29-37. Specifically, the homeowners associations involved include: Ladera Homeowners Association; Riverwalk Homeowners Association; Lone Mountain Quartette Condominium Association; Stratford Homeowners Association; Villas at Huntington Homeowners' Association; Blue Diamond Ranch Landscape Maintenance Association; Cimarron Village North Homeowners' Association; Cliff Shadows Homeowners Association; and Fiesta Del Norte HOA. *Id*. The various collection agents include: Nevada Association Services, Inc.; Absolute Collection Services, LLC; United Legal Services, Inc.; Red Rock Financial Services; Alessi & Koenig, LLC; and Kirby Gruchow. *Id*.

While either Las Vegas Development Group, LLC; LVDG, LLC; or Las Vegas Development, LLC, appeared at the majority of the sales and purchased the subject property, in the case of the Greenwood Springs Property and the Sparrow Rock Property, no Defendant purchased the subject property at the HOA Foreclosure Sale. Rather, in the case of the Greenwood Springs Property, LVDG, LLC purchased the property from the Riverwalk HOA via

quitclaim deed. Similarly, with regard to the Sparrow Rock Property, Las Vegas Development, LLC purchased the property from the Lone Mountain Quartette CA via quitclaim deed. It is readily apparent that significantly different circumstances exist in the manner in которых the applicable Defendants acquired each of the real properties at issue herein.

Aside from the foregoing, the FAC alleges that Fannie Mae or Freddie Mac purchased a loan secured by each of the subject properties on different dates ranging from between June 1, 1999 and July 5, 2007. *Id*. This is an approximately 8 year span of time. Thus, to the extent that Fannie Mae or Freddie Mac did, in fact, purchase the loans as claimed, each such purchase was a separate transaction.

It is readily apparent that numerous "factual disparities" exist with regard to the various real properties that are at issue herein. As in *Visendi*, these factual disparities are too great to satisfy 20(a)(2)(A). The factual disparities in this case dictate that the Plaintiffs' claims do not arise out of the same transaction or occurrence.

### 3.   THERE IS NO QUESTION OF LAW OR FACT COMMON TO ALL DEFENDANTS

FRCP 20(a)(2)'s second requirement is that "any question of law or fact common to all defendants will arise in the action." FRCP 20(a)(2)(B). According to the Ninth Circuit, 20(a)(2)(B) requires more than "merely alleg[ing] that Defendants violated the same laws in comparable ways." *Visendi*, 733 F.3d at 870. If allegations have "superficial similarity," then they do not satisfy 20(a)(2)(B). For example, *Visendi* identified the following allegations as merely having a "superficial similarity": ownership of separate and unrelated properties located throughout the country, separate loan transactions, and different "dealings" between 160 individuals and 15 banks. *Id. Visendi* also observed that the plaintiffs' claims "each require particularized factual analysis." *Id.* The instant matter is strikingly similar to *Visendi* in these regards.

In this case, the Plaintiffs allege that extinguishment of mortgages that the Enterprises supposedly "own" violates the Supremacy Clause and 12 U.S.C. § 4617(j)(3). However, *Visendi* dictates that such a "question of law" does not satisfy 20(a)(2)(B) because it "merely alleg[s]

that Defendants violated the same laws in comparable ways." *Visendi*, 733 F.3d at 870. Moreover, Plaintiffs' averments have the same "superficial similarity" as those in *Visendi*. It is not enough for purposes of 20(a)(2)(B) that the 3 Defendants may own numerous properties across Nevada; that they may have (in some, but not all, cases) purchased the houses during homeowners' association lien foreclosure sales, or that they may have purchased houses that secured mortgages that are alleged to be owned by the Enterprises. Such "superficial similarity of their allegations" does not meet the requirements of 20(a)(2)(B).

Besides, and in keeping with *Visendi*'s analysis, Plaintiffs' claims require particularized factual inquiries. For starters, quiet title demands Plaintiffs to "prove good title in" themselves. *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996). Plaintiffs must overcome a "presumption in favor of the record titleholder[s]"—who are Defendants in this case. *Id.* Although the FAC alleges that the Enterprises own loans secured by each of the 9 real properties at issue herein, it will be necessary for the Plaintiffs to prove this to be true. As set forth above, the FAC alleges that all of the loans were purchased on different dates during an approximately 8 year time span. Thus, any evidence supporting the Plaintiffs' claims of ownership will be different with respect to each and every property.

In order to prove its case, with respect to each individual property, Plaintiffs will be required to prove the: (i) the Enterprises "owned" a specific mortgage, (ii) the specific mortgage had attached at the time of a specific association sale, and (iii) the specific mortgage had not been satisfied at the time of a specific association sale. Therefore, Plaintiffs' claims turn on particularized factual inquiries, beginning with the critical issue of whether or not the Enterprises "owned" a specific mortgage.

Plaintiffs' causes of action focus on *particularized* houses, mortgages, deeds of trust, HOA's, collection agents, association sales, buyers, sellers, and details surrounding the Enterprises' alleged "purchase" of 9 completely different loans secured by 9 completely different real properties owned by 3 different Defendants. There is no question of law or fact common to all of these 3 Defendants. Under such circumstances, the 3 Defendants are improperly joined and the instant action must be dismissed as it relates to LVDG, LLC and Las Vegas Development,

LLC.

## 4. THIS COURT HAS ALREADY DETERMINED THAT THE JOINDER OF DIFFERENT DEFENDANTS IN A CASE SUCH AS THAT AT BAR IS IMPROPER

As the Plaintiffs are well aware, this Court has already determined that the joinder of different defendants in a case such as this is improper. Specifically, in Case No. 2:15-cv-01338-GMN-CWH, the Court granted SFR's Motion to Sever, finding that "while each of the Defendants purchased properties at HOA foreclosure sales, these entirely separate, though similar, events do not constitute a series of transactions or occurrences." *Fed. Hous. Fin. Agency v. SFR Invs. Pool 1, LLC*, 2016 U.S. Dist. LEXIS 59309 at *13 (D. Nev. Apr. 30, 2016). The Court further held that "because the factual scenario related to each Defendant is different, severance of the misjoined Defendants is proper." *Id*.

The circumstances at hand are virtually identical to those at issue in Case No. 2:15-cv-01338-GMN-CWH. Although the Defendants to this action may have some degree of similarity in their names, it is undisputed that each is a separate legal entity. Specifically, Las Vegas Development Group, LLC is a Nevada limited liability company formed on October 26, 2010, as entity number E0531062010-4; LVDG, LLC is a Nevada series limited liability company formed on February 3, 2012, as entity number E0067462012-1; and Las Vegas Development, LLC is a Nevada limited liability company formed on April 3, 2014, as entity number E0179342014-4. See Exhibit 1 attached hereto and incorporated herein by reference. Under such circumstances, the joinder of the 3 Defendants in this case is no more appropriate that the joinder of the defendants in Case No. 2:15-cv-01338-GMN-CWH. Because the Court held the joinder to be inappropriate in that case, the instant action must also be dismissed as to the Movants herein. Such dismissal necessarily requires the dismissal of the Plaintiffs' claims related to real property that the remaining Defendant, Las Vegas Development Group, LLC, does not own.

//
//
//

## III.

## CONCLUSION

For the reasons set forth herein, the instant matter must be dismissed as it relates to Defendants, LVDG, LLC and Las Vegas Development, LLC. Said Defendants have been improperly joined herein in violate of Fed. R. Civ. P. 20(a)(2).

DATED this <u>18th</u> day of October, 2016.

ROGER P. CROTEAU & ASSOCIATES, LTD.

/s/ *Timothy E. Rhoda*
ROGER P. CROTEAU, ESQ.
Nevada Bar No. 4958
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148
(702) 254-7775
*Attorney for Defendants*
**LAS VEGAS DEVELOPMENT GROUP, LLC; LVDG, LLC; AND LAS VEGAS DEVELOPMENT, LLC**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this \_\_\_\_18th_____ day of October, 2016, I served via the United States District Court CM/ECF electronic filing system, the foregoing **MOTION TO DISMISS** to the following parties:

| | |
|---|---|
| Tennille Checkovich<br>McGuireWoods LLP<br>Gateway Plaza<br>800 East Canal Street<br>Richmond, VA 23219-3916<br>804-775-4758<br>804-440-7770 (fax)<br>tcheckovich@mcguirewoods.com<br>*Attorney for Plaintiff*<br>*Federal Home Loan Mortgage Corporation* | Robin E Perkins<br>Snell & Wilmer L.L.P.<br>3883 Howard Hughes Parkway, Suite 1100<br>Las Vegas, NV 89169<br>702-784-5238<br>702-784-5252 (fax)<br>rperkins@swlaw.com<br>*Attorney for Plaintiff*<br>*Federal National Mortgage Association* |
| Kelly H Dove<br>Snell & Wilmer L.L.P.<br>3883 Howard Hughes Parkway<br>Las Vegas, NV 89169<br>(702) 784-5200<br>(702) 784-5252 (fax)<br>kdove@swlaw.com<br>*Attorney for Plaintiff*<br>*Federal National Mortgage Association* | Amy F. Sorenson<br>Snell & Willmer, LLP<br>3883 Howard Highes Parkway, Suite 1100<br>Las Vegas, NV 89169<br>801-257-1907<br>801-257-1800 (fax)<br>asorenson@swlaw.com<br>*Attorney for Plaintiff*<br>*Federal National Mortgage Association* |
| Leslie Bryan Hart<br>Fennemore Craig, P.C.<br>300 E. Second St., Suite 1510<br>Reno, NV 89501-<br>775-788-2228<br>lhart@fclaw.com<br>*Attorney for Plaintiff*<br>*Federal Housing Finance Agency* | Michael W. Stark<br>McGuireWoods LLP<br>Gateway Plaza<br>800 East Canal Street<br>Richmond, VA 23219-3916<br>804-775-1178<br>804-698-2416 (fax)<br>mstark@mcguirewoods.com<br>*Attorney for Plaintiff*<br>*Federal Home Loan Mortgage Corporation* |
| John H. Maddock, III<br>McGuireWoods LLP<br>Gateway Plaza<br>800 East Canal Street<br>Richmond, VA 23219-3916<br>804-775-1178<br>804-698-2416 (fax)<br>jmaddock@mcguirewoods.com<br>*Attorney for Plaintiff*<br>*Federal Home Loan Mortgage Corporation* | John D. Tennert<br>Fennemore Craig, P.C.<br>300 E. Second St., Suite 1510<br>Reno, NV 89501<br>775-788-2212<br>jtennert@fclaw.com<br>*Attorney for Plaintiff*<br>*Federal Housing Finance Agency* |

   /s/ *Timothy E. Rhoda*
An employee of ROGER P. CROTEAU & ASSOCIATES, LTD.

ROGER P. CROTEAU & ASSOCIATES, LTD.
• 9120 W. Post Road, Suite 100 • Las Vegas, Nevada 89148 •
Telephone: (702) 254-7775  •Facsimile (702) 228-7719