# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator of Federal National Mortgage Association and Federal Home Loan Mortgage Corporation; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiffs,<br>vs.<br><br>LAS VEGAS DEVELOPMENT GROUP, LLC; LAS VEGAS DEVELOPMENT, LLC; and LVDG, LLC,<br><br>Defendants. | Case No.: 2:16-cv-01187-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion to Reassign the Case, (ECF No. 19), filed by Defendant Las Vegas Development Group ("Defendant"). Plaintiffs Federal Home Loan Mortgage Corporation, Federal Housing Finance Agency, and Federal National Mortgage Association (collectively "Plaintiffs") filed a Response, (ECF No. 26), and Defendant filed a Reply, (ECF No. 27). For the reasons discussed below, the Court **DENIES** Defendant's Motion.

**I.      BACKGROUND**

This case arises from Defendant's severance from a case previously before this Court. *See Fed. Hous. Fin. Agency v. SFR Investments Pool 1, LLC*, 2016 WL 2350121 (D. Nev. May 2, 2016). There, the Court severed the claims asserted against Defendant and provided Plaintiffs until May 26, 2016, to file a separate case against Defendant. *Id.* at *7. Moreover,

the Court held that once the new case was filed, "the Clerk of Court will assign [it] to the undersigned district judge and Magistrate Judge Carl W. Hoffman." *Id.*

Plaintiffs filed their Complaint against Defendant on May 26, 2016. (*See* Compl., ECF No. 1). Defendant filed the instant Motion acknowledging that this "action has been assigned to this Court by the Clerk of Court by virtue of the Order in Case No. 15-cv-1338-GMN-CWH." (Mot. to Reassign 7:21–22, ECF No. 19). Still, Defendant contests the assignment as a violation of the General Order no. 2011-05 of the United States District Court for the District of Nevada that states that cases are to be assigned to judges randomly. (*Id.* 7:23–25).

## II. **LEGAL STANDARD**

No Federal Rule of Civil Procedure directly governs reassignment of actions from one United States District Judge to another, although Rule 1 states that, as a general matter, the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Similarly, few cases have considered the merits of such a reassignment, and the majority of the cases that seek reassignment are based on an allegation of judicial bias. *See, e.g.*, *Keith v. Volpe*, 858 F.2d 467 (9th Cir. 1988); *Wilkinson v. Lewis*, 958 F.2d 380, 1992 WL 51344 (9th Cir. Mar. 18, 1992) (citing *Volpe*).

To establish entitlement to reassignment, a party must show that a proposed judge has specific and recent experience with the law in question. *See Straus Family Creamery v. Lyons*, 219 F. Supp. 2d 1046, 1048–49 (N. D. Cal. 2002) (declining to reassign a case to a judge who had issued a summary judgment ruling on the same statute in a legally related case three years before). Generally, reassignment has been ultimately reserved for only the most complex of cases that already consume "tremendous judicial resources." *In re Industrial Gas Antitrust Litigation*, 1985 WL 2869, at *6 (N. D. Ill. 1985) (finding that judicial economy was

furthered by reassigning a case involving 172,000 class plaintiffs in a complex antitrust matter over which the judge had been presiding for five years).

### III. DISCUSSION

#### A. The Reassignment

In the instant Motion, Defendant premises its entire argument on the case not being "randomly assigned." (Mot. to. Reassign 7:26, ECF No. 19).  Defendant asserts, "[t]he assignment of this case to this Court is in violation of General Order no. 2011-05, which specifically requires that the assignment of newly filed cases shall be random.  No randomness occurred herein, with the Clerk of Court assigning the instant case to this Court based upon the order entered in Case No. 15-cv-1338-GMN-CWH." (*Id.* 8:1–3).  Indeed, the Court previously held that Defendant's case would be assigned "to the undersigned district judge and Magistrate Judge Carl W. Hoffman." *Fed. Hous. Fin. Agency*, 2016 WL 2350121, at *7 (hereinafter "the stem case").

Even so, Defendant does not explain why the instant case should be reassigned other than repetitively alleging that reassignment is necessary because it was not done randomly. (Mot. to. Reassign 7:26–8:3).  The Court is well aware the assignment was not random because the Court *specifically* instructed this procedure in the stem case. *See Fed. Hous. Fin. Agency*, 2016 WL 2350121, at *7.  Further, the Court is within its right to do so pursuant to promoting judicial economy as this Court has the most experience with the specific legal issues, facts, and parties in question.[1]  *See, e.g.*, *Japan Cash Mach. Co. v. MEI, Inc.*, 2008 WL 5051245, at *6 (Nov. 20, 2008) ("Judicial economy encompasses many rationales, but the controlling interest

---

[1] Defendant asserts that 28 U.S.C. § 137 controls this Motion as it states "[t]he chief judge of the district court shall be responsible for the observance of such rules and orders, and shall divide the business and assign the cases so far as such rules and orders do not otherwise prescribe." (Mot. for Reassignment 7:5–11).  However, the case was specifically assigned to this Court pursuant to its relation to the stem case in order to promote judicial economy rather than the undersigned's role as Chief Judge.

behind the concept involves 'sound judicial administration.'") (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 365 (3d Cir. 1975)).

Although Defendant argues that the Court is in violation of General Order no. 2011-05, the Court remains compliant as the General Order states in relevant part that cases are randomly assigned "at the direction of and with the approval of the Court." (General Order in the Matter of the Assignment of Civil and Criminal Cases (2011)).[2]  Moreover, pursuant to Local Rule 42-1, this case is related to the stem case and reassignment "would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges." L.R. 42-1(a)(5).  In the stem case, the Court found that the certification of the class was not appropriate. *See Fed. Hous. Fin. Agency*, 2016 WL 2350121, at *4.  Although the Court did not certify the class, the filing of a class action operates similarly to a notice of related cases.  As such, substantial duplication of efforts would occur if the severed, related cases—such as Defendant's—were assigned to a different judge.

Defendant fails to demonstrate why this case should not be in this Court and why reassignment to another judge would result in a more expeditious trial.  Defendant's generalized complaints, without more, are therefore insufficient to demonstrate how reassignment would promote judicial economy.  Accordingly, Defendant's Motion to Reassign is denied.

### B.  The New Complaint

Defendant argues that if the case is not reassigned, Plaintiffs have "exceeded the scope of the [stem case's] Order" by including additional properties and defendants in the instant action's allegations. (Mot. for Reassignment 8:14–10:24).  The stem case's Order, however, does not restrict Plaintiffs to filing that exact complaint in Defendant's severed case.  Further, "[w]hen a claim is severed from a lawsuit, it proceeds as a separate, independent action."

---

[2] Additionally, the original assignment of the stem case was random and pursuant to General Order no. 2011-05.

*Hologram USA, Inc. v. Pulse Evolution Corp.*, 2016 WL 779105, at *1 (D. Nev. Feb. 29, 2016) (citing *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 n.19 (5th Cir. 1993)). Accordingly, Plaintiffs are within their rights in filing its Complaint against Defendant that differs from the original. As long as Plaintiffs are compliant with Federal Rule of Civil Procedure 15 governing amended pleadings, Plaintiffs may include additional properties and defendants in this case's Complaint as a plaintiff would be permitted in any other independent action.[3]

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Reassign Case, (ECF No. 19), is **DENIED**.

**DATED** this __8__ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[3] Defendant does not contest, and even agrees, that Plaintiffs have been compliant with Federal Rule of Civil Procedure 15. (*See* Mot. for Reassignment 6:20–21) ("The FAC was filed as a matter of right within 21 days after the service of the Motion to Dismiss pursuant to Fed. R. Civ. P. 15 and Fed. R. Civ. P. 6.").