# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FEDERAL HOUSING FINANCE AGENCY, )
in its capacity as Conservator of Federal )
National Mortgage Association and Federal ) Case No.: 2:16-cv-1187-GMN-CWH
Home Loan Mortgage Corporation; FEDERAL )
NATIONAL MORTGAGE ASSOCIATION; ) **ORDER**
and FEDERAL HOME LOAN MORTGAGE )
CORPORATION, )
                                        Plaintiffs, )
   vs. )
LAS VEGAS DEVELOPMENT GROUP, )
LLC; LVDG, LLC; and LAS VEGAS )
DEVELOPMENT, LLC, )
                                        Defendants. )

Pending before the Court is the Motion to Dismiss,[1] (ECF No. 29), filed by Defendants LVDG, LLC ("LVDG"), and Las Vegas Development, LLC ("Las Vegas Development") (collectively "Defendants"). Plaintiffs Federal Home Loan Mortgage Corporation ("Freddie Mac"), Federal Housing Finance Agency ("FHFA"), and Federal National Mortgage Association ("Fannie Mae") (collectively "Plaintiffs") filed a Response, (ECF No. 34), and Defendants filed a Reply, (ECF No. 37). For the reasons discussed below, Defendants' Motion is **DENIED**.

---

[1] Although Defendants framed their Motion as a motion to dismiss, based on the relief for which the Motion is asking, the Motion is in fact a motion to sever. Accordingly, the Court will interpret the Motion as a motion to sever.

## I. BACKGROUND

This case arises out of HOA foreclosure sales of nine properties where Plaintiffs' liens continued to encumber the properties during the sales. (First Am. Compl. ("FAC") ¶ 1, ECF No. 16). Plaintiffs allege that "Defendants are the current record owner of at least nine properties that have been the subject of completed HOA [f]oreclosure [s]ales and are encumbered by [Plaintiffs'] [l]iens." (*Id.* ¶ 5). As such, Plaintiffs assert that 12 U.S.C. § 4617(j)(3), the Federal Foreclosure Bar that permits Plaintiffs to have an interest in the properties, preempts NRS § 116.3116, which extinguishes Plaintiffs' interest. (*See, e.g.*, *id.* ¶ 56). Plaintiffs therefore allege that the HOA foreclosure sales did not extinguish Plaintiffs' interests in the properties. (*Id.*).

On May 26, 2016, Plaintiffs filed their Complaint, (ECF No. 1), and on July 14, 2016, Plaintiffs filed their First Amended Complaint. In their First Amended Complaint, Plaintiffs allege causes of action for: (1) declaratory relief and (2) quiet title. (FAC ¶¶ 40–59). On October 18, 2016, Defendants filed the instant Motion seeking to sever themselves from the present action. (*See generally* Mot. to Dismiss ("MTD")).

## II. LEGAL STANDARD

Rule 20(a)(2) of the Federal Rules of Civil Procedure provides that, in order for more than one defendant to be joined together in an action, the defendants must meet two specific requirements: (1) the right to relief asserted against each defendant must arise out of or relate to the same transaction or occurrence or series of transactions or occurrences; and (2) a question of law or fact common to all defendants must arise in the action. Fed. R. Civ. P. 20(a)(2). "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (citing Fed. R. Civ. P. 21). If the district court chooses to

sever the case, it may do so by dismissing "all but the first named [defendant] without prejudice to the institution of new, separate lawsuits [against] the dropped [defendants]." *Id.*

### III. DISCUSSION

Defendants assert that they should be severed because Plaintiffs' First Amended Complaint "focus[es] on *particularized* houses, mortgages, deeds of trust, HOA's [sic], collection agents, association sales, buyers, sellers, and details surrounding the . . . alleged 'purchase' of 9 completely different loans secured by 9 completely different real properties owned by 3 different Defendants." (MTD 8:23–26) (emphasis in original).

Conversely, Plaintiffs contend that this case concerns "a central legal issue: whether 12 U.S.C. § 4617(j)(3) (the "Federal Foreclosure Bar") precludes the extinguishment of Fannie Mae's and Freddie Mac's property interests via HOA foreclosure sales." (Resp. 3:2–5). Plaintiffs continue that the three Defendants "are Nevada limited liability corporations created by the same principals and that share similar names, the same business address, the same counsel, and conduct the same business of purchasing properties that have been the subject of HOA foreclosure proceedings." (*Id.* 3:8–11). Plaintiffs therefore assert that joinder is favored here.

Rule 20(a)'s rule for joinder of parties "is designed to promote judicial economy and reduce inconvenience, delay, and added expense." *Coughlin*, 130 F.3d at 1351. The Ninth Circuit has indicated that Rule 20 must be "construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *See, e.g.*, *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (noting that the "impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged").

To meet Rule 20(a)'s first requirement, Plaintiffs' claims must arise from "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "By its terms, this provision requires factual similarity in the allegations supporting [p]laintiffs' claims." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013). In *Visendi*, the Ninth Circuit held that "[s]uch factual similarity is absent here" because the case involved "over 100 distinct loan transactions with many different lenders," the loans "were secured by separate properties scattered across the country," and "some of the properties, but not all, were sold in foreclosure." *Id.*

Here, Defendants do not have such disparate factual differences. The nine properties in this case all had their loans purchased by either Fannie Mae or Freddie Mac. (Compl. ¶ 28). The properties were not "scattered across the country," or even scattered across the State of Nevada, but were all located in the greater Las Vegas area, including Henderson and North Las Vegas. (*Id.*). Finally, all of the properties in this case were sold in foreclosure. (*Id.* ¶¶ 29–37). Although Defendants attempt to draw parallels to the facts in *Visendi* to support severance, the Court disagrees and instead holds that there is sufficient factual similarity here to adequately meet Rule 20(a)'s first requirement.

To meet Rule 20(a)'s second requirement, Plaintiffs' claims must present "any question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(B). In *Visendi*, the Ninth Circuit held that the plaintiffs' claims of invalid assignment, mistake, and negligence "each require particularized factual analysis," and that the plaintiffs' merely alleging that the defendants violated these same laws in comparable ways was insufficient under Rule 20(a). *Visendi*, 733 F.3d at 870.

Here, Defendants allege that there is no question of law common to all defendants because Plaintiffs' claims include quiet title, which would require a particularized factual analysis. (*See* MTD 8:9). Conversely, Plaintiffs state that the main common issue is not quiet

title, but rather "whether the Federal Foreclosure Bar preempts the State Foreclosure Statute," which directly affects Defendants' title. (Resp. 11:8–10). The Court agrees with Plaintiffs. Because Plaintiffs' claim of quiet title is dependent on whether the Federal Foreclosure Bar applies—a claim that is factually uniform to all properties at issue in this action—the Court finds that Rule (20)(a)'s second requirement is met. Accordingly, Defendants' Motion seeking to sever Defendants is denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 29), is **DENIED**.

**DATED** this \_\_11\_\_ day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge