**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator of the Federal National Mortgage Association and Federal Home Loan Mortgage Corporation; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiffs<br>vs.<br><br>LAS VEGAS DEVELOPMENT GROUP, LLC; LVDG, LLC; and LAS VEGAS DEVELOPMENT, LLC,<br><br>Defendants. | Case No.: 2:16-cv-01187-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 41), filed by Plaintiffs Federal Home Loan Mortgage Corporation ("Freddie Mac") and Federal Housing Finance Agency ("FHFA"), in its capacity as Conservator for Federal National Mortgage Association ("Fannie Mae"), (collectively, "Plaintiffs"). Defendants Las Vegas Development Group, LLC, LVDG, LLC, and Las Vegas Development, LLC (collectively, "Defendants") filed a Response, (ECF No. 45), and Plaintiffs filed a Reply, (ECF No. 49).

Also pending before the Court is Defendants' Motion for Rule 56(d) Relief, (ECF No. 46). Plaintiffs filed a Response, (ECF No. 50), and Defendants filed a Reply, (ECF No. 52).

Also pending before the Court is Defendants' Motion to Dismiss, (ECF No. 62). Plaintiffs filed a Response, (ECF No. 66), and Defendants filed a Reply, (ECF No. 68).

For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment. The Court **DENIES** Defendants' Motion for 56(d) Relief. The Court **DENIES as moot** Defendants' Motion to Dismiss.

## I. BACKGROUND

The present action involves the interplay between Nev. Rev. Stat. ("NRS") Chapter 116 and 12 U.S.C. § 4617 as the statutes relate to the parties' respective interests in nine different properties located in Nevada (collectively, the "Properties"). (Am. Compl. ¶ 28, ECF No. 16). In Plaintiffs' Amended Complaint and Motion for Summary Judgment, they provide a brief history of the Properties, including the respective dates that they acquired the deeds of trust ("DOTs") that encumbered each of the Properties. (*See id.* ¶¶27–59); (*See also* Chart, Ex. 2 to Pls.' Mot. Summ. J. ("MSJ"), ECF No. 41-3); (DOTs, Ex. 1 to Pls.' MSJ, ECF Nos. 41-1–41-2). In addition, Plaintiffs provide the date that each of the Properties were subject to homeowners' association ("HOA") foreclosure sales under NRS Chapter 116. (*Id.*). Based on their purported interests in the Properties, Plaintiffs seek to quiet title and obtain declaratory relief that their DOTs encumbering the Properties were not extinguished by the HOA foreclosure sales at which Defendants acquired title to the Properties. (*Id.* ¶¶ 40–59).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A

principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go

beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth; it is to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

## III. DISCUSSION

Plaintiffs move for summary judgment on their quiet title and declaratory relief claims, asserting that 12 U.S.C. § 4617(j)(3) (the "Federal Foreclosure Bar") compels the Court to find that the HOAs' foreclosure sales did not extinguish Plaintiffs' DOTs on the Properties. (Pls.' MSJ 11:25–13:2, ECF No. 41). In response, Defendants contend that the Federal Foreclosure Bar does not preserve Plaintiffs' DOTs because: (1) the Court lacks personal jurisdiction over four of the Properties; (2) Plaintiffs' claims are time-barred; and (3) Plaintiffs fail to proffer admissible evidence regarding their interests in the Properties. (*See* Defs.' Resp. 6:9–10:22, ECF No. 45). Defendants also seek Rule 56(d) relief to allow them to conduct further discovery regarding Plaintiffs' interests in the Properties. (Defs.' Mot. 56(d) Rel. 10:23–13:26, ECF No. 46). The Court begins its analysis with its jurisdiction.

### A. Personal Jurisdiction

Defendants argue that the Court lacks jurisdiction over two of the Properties—those located at 636 Vincents Dream Avenue and 7804 Quill Gordon Avenue (the "Airmotive Properties")—because they are owned by Airmotive, a non-party. (Defs.' Resp. 6:11–14). Defendants also argue that the Court lacks jurisdiction over two additional Properties—those located at 675 Magrath Street and 3451 Desert Cliff Street (the "Series Properties")—because they are owned by LVDG LLC, Series 129 and LVDG LCC, Series 124, which are separate

limited liability companies from Defendant LVDG LLC. (Defs.' Resp. 6:14–7:9). According to Defendants, the Court does not have jurisdiction over the Airmotive Properties and the Series Properties because of Plaintiffs' failure to join the non-party owners. (*Id.* 6:11–7:9).

Plaintiffs contend that the Court has jurisdiction over the Airmotive Properties because Defendants owned the Airmotive Properties at the time Plaintiffs filed the Complaint, and Federal Rule of Civil Procedure 25(c) enables Plaintiffs to maintain the action against the original owners. (Pls.' Reply 7:6–24, ECF No. 49). Plaintiffs also argue that they are not required to join the LVDG Series LLCs because "a series is not a separate entity under Nevada law." (*Id.* 7:25–8:23) (quoting Bahar A. Schippel & Zachary E. Redman, *The Uncertainties of Series LLCs*, Nevada Lawyer (Dec. 2012), at 14) (Pls.' emphasis omitted).

The Court concludes that it has jurisdiction over the Properties. Defendants' evidence indicates that they transferred their interests in the Airmotive Properties' after the commencement of this action. (*See* Grant Deeds, Ex. 1 to Defs.' Resp., ECF No. 45-1) (transferring title on Dec. 16, 2016); (Compl., ECF No. 1) (filed on May 26, 2016). The Court has jurisdiction over the Airmotive Properties because "Rule 25(c) . . . does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on the successor in interest even though the successor is not named." *See* Mary Kay Kane, 7C Federal Practice and Procedure (Wright & Miller) § 1958 (3d ed.). The Court has jurisdiction over the Series Properties because although series limited liability companies may sue and be sued in their own names, they are not separate entities that prospective plaintiffs *must* sue in their own names under Nevada law. *See* NRS § 86.296(c); Bahar A. Schippel & Zachary E. Redman, *The Uncertainties of Series LLCs*, Nevada Lawyer (Dec. 2012), at 14, n.9 (explaining that a series is created under an existing limited liability company's operating agreement, but the series is not acknowledged as a separate legal entity by the Secretary of State).

### B. Statute of Limitations

Defendants argue that Plaintiffs' claims regarding seven of the Properties are time-barred based on the three-year statute of limitations for tort claims under 12 U.S.C. § 4617. (Defs.' Resp. 8:21–9:22). Alternatively, Defendants argue that if a longer state-law statute of limitations applies, then Plaintiffs' claims regarding five of the properties are time barred under NRS § 11.220's 4-year limitations period. (*Id.*) Plaintiffs reply that its claims relating to all of the properties are timely because the six-year statute of limitations for contract claims applies under 12 U.S.C. § 4617. (Pls.' Reply 3:2–7:4).

12 U.S.C. § 4617(b)(12) proscribes two different statutes of limitation for actions brought by FHFA depending on whether the claims sound in contract or tort. The limitations period for any contract claim is the longer of six years or "the period applicable under State law;" and for any tort claim, the period is the longer of three years or "the period applicable under State law." *See* 12 U.S.C. § 4617(b)(12).

Although the claims do not fit neatly into either category, this Court has previously held that Plaintiffs' claims sound in contract. *See Ditech Fin. LLC v. SFR Invs. Pool 1, LLC*, 380 F. Supp. 3d 1089, 1094 (D. Nev. 2019) (reconsideration denied). At bottom, this action concerns the viability of Plaintiffs' lien interests against the Properties. As these liens were created by contract, an action to enforce those liens is necessarily a "contract action." *See Fed. Hous. Fin. Agency v. LN Mgmt. LLC, Series 2937 Barboursville*, No. 2:17–CV–03006–JAD–GWF, 2019 WL 1117900, at *5 (D. Nev. Mar. 11, 2019). Moreover, even assuming Plaintiffs' claims sounded in tort, Plaintiffs' claims would be timely under the 5-year state law statute of limitations for quiet title actions under NRS § 11.070, with the exception of the Property at 7709 Hardesty Court. *See Deutsche Bank Nat'l Tr. Co. for Morgan Stanley ABS Capital I Inc. Tr. 2006-HE8 Mortg. Pass-Through Certificates, Series 2006-HE8 v. SFR Investments Pool 1,*

*LLC*, No. 2:17–CV–00259–GMN–NJK, 2018 WL 615669, at *3 (D. Nev. Jan. 26, 2018). The Court therefore rejects Defendants' statute of limitations argument.

### C. Federal Foreclosure Bar

Plaintiffs request that the Court declare that 12 U.S.C. § 4617(j)(3) preempts NRS Chapter 116 such that the HOA foreclosure sales did not extinguish their interests in the Properties. (*See* Pls.' MSJ 11:25–13:2). The Federal Foreclosure Bar prohibits foreclosures of federally owned or controlled property "without the consent of the [Federal Housing Finance Agency]." 12 U.S.C. § 4617(j)(3) (2012); *see Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 F. App'x 658 (9th Cir. 2017); *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015). The Ninth Circuit's decision in *Berezovsky v. Moniz*, 869 F.3d 923, 932 (9th Cir. 2017), confirmed that the Federal Foreclosure Bar preserves the property interests of the Federal Housing Finance Agency, including a government-sponsored enterprise of the Agency such as Fannie Mae, from an HOA's foreclosure sale under NRS § 116.3116, if that sale occurred without the affirmative consent of the Agency. *Id.* at 927–32.

Here, Plaintiffs have presented business records supported by employee declarations, which show that Plaintiffs purchased the original DOT secured by the Properties and maintained ownership at the time of the respective HOA foreclosure sales. (*See* DOTs, Ex. 1 to Pls.' MSJ, ECF Nos. 41-1–41-2); (Chart, Ex. 2 to Pls.' MSJ, ECF No. 41-3); (Decls., Exs. 5–6 to Pls.' MSJ, ECF Nos 41-6–41-7). This evidence is materially the same as the evidence deemed sufficient by the Ninth Circuit in *Berezovsky* and exactly the same as evidence this Court relied upon in *Ditech Fin. LLC v. SFR Invs. Pool 1, LLC*, 380 F. Supp. 3d 1089 (D. Nev. 2019) (reconsideration denied), *appeal pending*, No. 19-15910 (9th Cir.). While Defendants are frustrated that they have had little opportunity to conduct discovery, they do not satisfy their burden of providing, or pointing to, any evidence that raises more than a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986). Accordingly, the Court finds that the HOA sales did not extinguish Plaintiffs' interests in the Properties, and the DOTs continue to encumber the same.[1]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment, (ECF No. 41), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for 56(d) Relief, (ECF No. 46), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (ECF No. 62), is **DENIED as moot**.

The Clerk of Court shall close the case and enter judgment accordingly.

**DATED** this __19__ day of March, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[1] As the Court finds summary judgment appropriate based on the evidence in the record, the Court denies SFR's request to extend discovery, (ECF No. 46).